1

2

3

4

5

6

7

8                        IN THE UNITED STATES DISTRICT COURT

9                        FOR THE EASTERN DISTRICT OF CALIFORNIA

10   WILLIAM GUY,

11              Plaintiff,                    No. CIV S-03-1208 DFL CMK P

12        vs.

13   C. PILER, et al.,

14              Defendants.                   ORDER

15   _____/

16              Plaintiff is a state prisoner proceeding pro se and in forma pauperis with an action

17   filed pursuant to 42 U.S.C. § 1983.  By order filed July 1, 2003, plaintiff's complaint was

18   dismissed with leave to file an amended complaint.[1]  Plaintiff has now filed an amended

19   complaint.

20        **Screening**

21              The court is required to screen complaints brought by prisoners seeking relief

22   against a governmental entity or officer or employee of a governmental entity.  See  28 U.S.C.

23   § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised

24   claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may

25   _____

26        [1]Plaintiff's case was reassigned to the undersigned in October of 2004.  In response to a
     December 2005 order to show cause, plaintiff filed an amended complaint.

                                            1

1  be granted, or that seek monetary relief from a defendant who is immune from such relief. See

2  28 U.S.C. § 1915A(b)(1),(2).

3       A claim is legally frivolous when it lacks an arguable basis either in law or in

4  fact.  See Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221,

5  1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based

6  on an indisputably meritless legal theory or where the factual contentions are clearly baseless.

7  See  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however

8  inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d

9  639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

10       A complaint, or portion thereof, should only be dismissed for failure to state a

11  claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set

12  of facts in support of the claim or claims that would entitle him to relief. See  Hishon v. King &

13  Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer

14  v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a

15  complaint under this standard, the court must accept as true the allegations of the complaint in

16  question, Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the

17  pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor,

18  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

19  **Plaintiff's Complaint**

20       Plaintiff brings this action against seven defendants: Cheryl Piler, Warden; Dr.

21  Borges; J. Neaves, MTA; Douglas C. Peterson, Heath Care Manager; P. Vancer; D. Kimbrell;

22  and N. Grannis, Chief of Inmate Appeals.

23       The gist of plaintiff's complaint appears to be that plaintiff slipped in the shower

24  and hurt his knee.  Plaintiff alleges that he was denied proper medical care by defendant Borges.

25  When plaintiff attempted to file grievances about his denial of health care, defendant Neves told

26  plaintiff that he "should learn not to file complaints on medical personnel..." and told plaintiff to

1  submit another request for medical care.  Plaintiff states that defendants Piler, Borges, Neves,

2  Peterson, Vancer, Kimbrell, and Grannis intentionally denied plaintiff access to medical care.

3  Plaintiff makes some general allegations of being denied healthcare in retaliation for filing

4  complaints, but he does not tie this allegation to any specific defendant.

5  **A.      Failure to Link Defendants to Claim**

6  Plaintiff fails to allege in specific terms how each defendant violated his

7  constitutional rights.  If plaintiff chooses to amend his complaint, he must allege in specific

8  terms how each named defendant is involved.  There can be no liability under § 1983 unless

9  there is some affirmative link or connection between the defendant's actions and the claimed

10  deprivation.  See Rizzo v. Goode, 423 U.S. 362 (1976).  Furthermore, vague and conclusory

11  allegations of official participation in civil rights violations are not sufficient to state a claim.

12  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

13  **B.      Failure to State Eighth Amendment Claim**

14  Denial of, or interference with, medical care can constitute a violation of the

15  Eight Amendment.  See Estelle v. Gamble, 429 U.S. 97, 106 (1976).  However, to move forward

16  on such a claim, plaintiff must show that defendants were deliberately indifferent to his medical

17  needs.  See Lopez v. Smith, 203 F.3d 1122, 1131 (9th Cir. 2000)(en banc).  To show deliberate

18  indifference, plaintiff must show that the denial of or delay in medical care lead to further injury.

19  See McGuckin v. Smith, 974 F.2d 1050, 1060 (9th Cir. 1992)(overrulled on other grounds,

20  WMX Techs., Inc. V. Miller, 104 F.3d 1133 (9th Cir. 1997). If plaintiff chooses to amend his

21  complaint, he must show how defendants' failure to provide him with medical care led to further

22  injury or pain.

23  ///

24  ///

25  ///

26  ///

### C.    No Constitutional Right to Grievance Procedure

To the extent that plaintiff is alleging that delays in the administrative appeals process violated his constitutional rights, the complaint does not state a claim cognizable in civil rights.  There is no constitutional right to a grievance process.  See Mann v. Adams, 855 F.2d 639 (9th Cir. 1988).

Because plaintiff has failed to state a claim upon which relief can be granted, the amended complaint must be dismissed.  The court will, however, grant leave to file a second amended complaint.

Plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's second amended complaint complete.  Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files a second amended complaint, the original pleading no longer serves any function in the case.  Therefore, in a second amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

///
///
///
///
///
///
///
///
///
///

1    In accordance with the above, IT IS HEREBY ORDERED that:

2        1.  Plaintiff's amended complaint is dismissed; and

3        2.  Plaintiff is granted thirty days from the date of service of this order to file a

4  second amended complaint that complies with the requirements of the Civil Rights Act, the

5  Federal Rules of Civil Procedure, and the Local Rules of Practice; the second amended

6  complaint must bear the docket number assigned this case and must be labeled "Second

7  Amended Complaint"; plaintiff must file an original and two copies of the second amended

8  complaint; failure to file a second amended complaint in accordance with this order will result in

9  a recommendation that this action be dismissed.

10

11  DATED:  May 25, 2006.

12

13                                    CRAIG M. KELLISON

14                                    UNITED STATES MAGISTRATE JUDGE

15

16

17

18

19

20

21

22

23

24

25

26