IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

WILLIAM GUY,

     Plaintiff,                    No. CIV S-03-1208 DFL CMK P

    vs.

C. PILER, et al.,

     Defendants.          ORDER

_____/

        Plaintiff is a state prisoner proceeding pro se and in forma pauperis with an action filed pursuant to 42 U.S.C. § 1983. By order filed May 26, 2006, this court ordered the plaintiff to file a second amended complaint. On July 3, 2006, plaintiff filed a second amended complaint.

**Screening**

        The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1),(2).

1

1    A claim is legally frivolous when it lacks an arguable basis either in law or in
2 fact.  See Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221,
3 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based
4 on an indisputably meritless legal theory or where the factual contentions are clearly baseless.
5 See  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however
6 inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d
7 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

8    A complaint, or portion thereof, should only be dismissed for failure to state a
9 claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set
10 of facts in support of the claim or claims that would entitle him to relief.  See  Hishon v. King &
11 Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer
12 v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a
13 complaint under this standard, the court must accept as true the allegations of the complaint in
14 question, Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the
15 pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor,
16 Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

17 **Plaintiff's Complaint**

18    Plaintiff brings this action against fifty-four defendants: Douglas C. Peterson,
19 Health Care Manager; Dr. Borges, staff physician; J. Neves, Medical Technical Advisor; and D.
20 Kimbrell, Appeals Coordinator and does 1-50.

21    The gist of plaintiff's complaint is that he injured his right knee when he slipped
22 while exiting the shower.  Dr. Borges ordered ibuprofen for pain and ordered an orthopedic
23 consultation.  Plaintiff alleges that defendant Borges failed to make a physical examination of
24 plaintiff's knee.  Plaintiff attempted to file a series of prison appeals concerning his lack of
25 proper medical care, which, he alleges, were not properly processed by defendants.  Plaintiff
26 alleges that defendants Peterson, Neves, and Kimbrell unreasonably delayed and interfered with

his medical care, which caused him further serious pain and possible permanent injury to his knee.  Plaintiff alleges that defendant Neves willfully denied his prison appeal in retaliation for plaintiff filing a grievance against medical personnel.

Liberally construed, plaintiff's second amended complaint states a cognizable claim for relief under the First, Eighth and Fourteenth Amendment; however, plaintiff states cognizable Eighth and Fourteenth Amendment claims against defendants Peterson, Neves and Kimbrell only to the extent that he claims that these three defendants delayed and interfered with plaintiff's medical care.   If the allegations of the amended complaint are proven, plaintiff has a reasonable opportunity to prevail on the merits of this action.  The court finds that service is appropriate on defendants and will direct service by the U.S. Marshal without pre-payment of costs.  Plaintiff is informed, however, that this action cannot proceed further until plaintiff complies with this order.  Plaintiff is warned that failure to comply with this order may result in dismissal of the action.  See Local Rule 11-110.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Service is appropriate for the following defendants: Dr. Borges, Douglas Peterson, J. Neves, and D.Kimbrell.

2. The Clerk of the Court shall send plaintiff four USM-285 forms, one summons, an instruction sheet and a copy of the amended complaint filed July 3, 2006.

3. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Submission of Documents and submit the following documents to the court:

    a. The completed Notice of Submission of Documents;

    b. One completed summons;

    c. One completed USM-285 form for each defendant listed in number 1 above; and

    d. five copies of the endorsed amended complaint filed July 3, 2006.

4. Plaintiff need not attempt service on defendants and need not request waiver of

1  service. Upon receipt of the above-described documents, the court will direct the United States
2  Marshal to serve the above-named defendants pursuant to Federal Rule of Civil Procedure 4
3  without payment of costs.

5  DATED: September 13, 2006.

                                        _____
                                        **CRAIG M. KELLISON**
                                        UNITED STATES MAGISTRATE JUDGE