IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

WILLIAM GUY,

        Plaintiff,                No. CIV S-03-1208 DFL CMK P

    vs.

CHERYL PLILER, Warden, et al.,

        Defendants.         FINDINGS & RECOMMENDATIONS

                          /

        Plaintiff is a prisoner proceeding without counsel and in forma pauperis with a civil rights action under 42 U.S.C. §1983. This proceeding was referred to this court by Local Rule 72-302 by the authority of 28 U.S.C. § 636(b)(1).

        Plaintiff filed his original complaint on June 5, 2003. On July 1, 2003, the court granted plaintiff's request to proceed in forma pauperis and dismissed his complaint with leave to amend. On October 26, 2005, the court ordered plaintiff to show cause why this complaint should not be dismissed for failure to amend. Plaintiff responded to the October 26, 2005 order on November 7, 2005. By order filed December 6, 2005, the court discharged the order to show cause and ordered plaintiff to file an amended complaint within thirty days.

///

///

1

1    Plaintiff filed an amended complaint, which was dismissed with leave to amend
2 on May 26, 2006. Plaintiff filed an amended complaint on July 3, 2006. By order filed
3 September 14, 2006, the court ordered service appropriate for some defendants, ordered USM-
4 285 and other materials for service sent to plaintiff, and ordered plaintiff to return the materials
5 for service within thirty days. To date, plaintiff has failed to return the USM-285 forms and
6 other materials for service. Plaintiff was warned that failure to comply with the September 14,
7 2006 order could result in dismissal of this action.

8    The court must weigh five factors before imposing the harsh sanction of
9 dismissal. See Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir. 2000); Malone v.
10 U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987). Those factors are: (1) the public's
11 interest in expeditious resolution of litigation; (2) the court's need to manage its own docket; (3)
12 the risk of prejudice to opposing parties; (4) the public policy favoring disposition of cases on
13 their merits; and (5) the availability of less drastic sanctions. See id.; see also Ghazali v. Moran,
14 46 F.3d 52, 53 (9th Cir. 1995) (per curiam). A warning that the action may be dismissed as an
15 appropriate sanction is considered a less drastic alternative sufficient to satisfy the last factor.
16 See Malone, 833 F.2d at 132-33 & n.1. The sanction of dismissal for lack of prosecution is
17 appropriate where there has been unreasonable delay. See Henderson v. Duncan, 779 F.2d 1421,
18 1423 (9th Cir. 1986). Dismissal has also been held to be an appropriate sanction for failure to
19 follow local rules. See Ghazali, 46 F.3d at 53.

20    Having considered these factors, and in light of plaintiff's failure to comply with
21 the September 14, 2006 order, the court finds that dismissal is appropriate.

22    IT IS RECOMMENDED that plaintiff's complaint be dismissed without
23 prejudice. See Local Rule 11-110; Fed. R. Civ. P. 41(b).

24    These findings and recommendations are submitted to the United States District
25 Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within
26 twenty days after being served with these findings and recommendations, plaintiff may file

1  written objections with the court.  The document should be captioned "Objections to Magistrate
2  Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections
3  within the specified time may waive the right to appeal the District Court's order.  See  Martinez
4  v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

6  DATED:   October 25, 2006.

  *[signature]*
  **CRAIG M. KELLISON**
  UNITED STATES MAGISTRATE JUDGE