IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

WILLIAM GUY,

        Plaintiff,                         No. CIV S-03-1208 DFL CMK P

   vs.

CHERYL PLILER, Warden, et al.,

        Defendants.              <u>FINDINGS & RECOMMENDATIONS</u>

_____/

        Plaintiff is a prisoner proceeding without counsel and in forma pauperis with a civil rights action under 42 U.S.C. §1983.  This proceeding was referred to this court by Local Rule 72-302 by the authority of 28 U.S.C. § 636(b)(1).

        Plaintiff filed his original complaint on June 5, 2003.  On July 1, 2003, the court granted plaintiff's request to proceed in forma pauperis and dismissed his complaint with leave to amend.  On October 26, 2005, the court ordered plaintiff to show cause why this complaint should not be dismissed for failure to amend.  Plaintiff responded to the October 26, 2005 order on November 7, 2007.  By order filed December 6, 2005, the court discharged the order to show cause and ordered plaintiff to file an amended complaint within thirty days.

///

///

1

1   Plaintiff filed an amended complaint, which was dismissed with leave to amend
2  on May 26, 2006.  Plaintiff filed an amended complaint on July 3, 2006.  By order filed
3  September 14, 2006, the court ordered service appropriate for some defendants, ordered USM-
4  285 and other materials for service sent to plaintiff, and ordered plaintiff to return the materials
5  for service within thirty days.  Plaintiff failed to return the USM-285 forms and other materials
6  necessary for service.  The court issued findings and recommendations recommending that this
7  matter be dismissed for failure to prosecute.
8   With help of a third party, plaintiff filed objections to the findings and
9  recommendations on November 27, 2006.  In the objections, plaintiff related that he had given
10 the USM-285 forms and other materials necessary for service to a prison official, who had
11 apparently lost or failed to mail the materials to the court.  In light of the objections, and in an
12 abundance of caution, the court vacated the findings and recommendations; directed the Clerk of
13 the Court to send plaintiff four USM-285 forms, a summons, an instruction sheet and a copy of
14 his amended complaint.  Plaintiff was given thirty days to submit the materials for service.  He
15 was warned that failure to comply with the court's order would result could result in dismissal.
16 The materials were due by March 15, 2007.
17  On March 14, 2007, the court received a letter dated March 8, 2007.  The letter,
18 which was written by a third party and purportedly signed by plaintiff, stated that plaintiff
19 required assistance of a third party; the third party had read the February 14, 2007 order from the
20 court; and that it appeared that "the number 4 item, Notice of Submission of Document Form(s)
21 was not included within the packet."  (Doc. 21.)  The letter stated that "all other orders has [sic]
22 been complied with..."  However, the court has not received the five copies of the amended
23 complaint, nor the summons, which plaintiff could have returned even if he did not, as he claims,
24 receive the USM-285 forms.
25 ///
26 ///

1  The court must weigh five factors before imposing the harsh sanction of
2  dismissal.  See Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir. 2000); Malone v.
3  U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987).  Those factors are:  (1) the public's
4  interest in expeditious resolution of litigation; (2) the court's need to manage its own docket; (3)
5  the risk of prejudice to opposing parties; (4) the public policy favoring disposition of cases on
6  their merits; and (5) the availability of less drastic sanctions.  See id.; see also Ghazali v. Moran,
7  46 F.3d 52, 53 (9th Cir. 1995) (per curiam).  A warning that the action may be dismissed as an
8  appropriate sanction is considered a less drastic alternative sufficient to satisfy the last factor.
9  See Malone, 833 F.2d at 132-33 & n.1.  The sanction of dismissal for lack of prosecution is
10 appropriate where there has been unreasonable delay.  See Henderson v. Duncan, 779 F.2d 1421,
11 1423 (9th Cir. 1986).  Dismissal has also been held to be an appropriate sanction for failure to
12 follow local rules.  See Ghazali, 46 F.3d at 53.

13  Having considered these factors, the court finds that dismissal is appropriate.  The
14 court is sympathetic to the mental issues that plaintiff has detailed in his filings; however
15 plaintiff still bears the responsibility of litigating this matter.  Plaintiff has repeatedly failed to
16 comply with court orders, and despite repeated chances from the court.  The court gave plaintiff
17 the benefit of the doubt when he claimed that his materials for service were lost by a prison
18 official.   However, the court is less inclined to believe that the court failed to mail plaintiff the
19 USM-285 forms and that such failure is the reason for plaintiff's failure to comply with the
20 court's February 14, 2007 order.  Especially in light of the fact that plaintiff made no effort to
21 return the other materials necessary for service (the five copies of the amended complaint and
22 the summons).
23 ///
24 ///
25 ///
26 ///

1       Accordingly, IT IS RECOMMENDED that plaintiff's complaint be dismissed
2 without prejudice.  See Local Rule 11-110; Fed. R. Civ. P. 41(b).
3       These findings and recommendations are submitted to the United States District
4 Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within ten
5 days after being served with these findings and recommendations, plaintiff may file written
6 objections with the court.  The document should be captioned "Objections to Magistrate Judge's
7 Findings and Recommendations."  Plaintiff is advised that failure to file objections within the
8 specified time may waive the right to appeal the District Court's order. See  Martinez v. Ylst,
9 951 F.2d 1153 (9th Cir. 1991).

11 DATED:  March 21, 2007.

                                                        **CRAIG M. KELLISON**
                                                        UNITED STATES MAGISTRATE JUDGE